# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

    Plaintiff,

    v.

ANDREW SAUL, Commissioner of Social Security,

    Defendant.

Case No. 05:20-CV-4008-JAR

## MEMORANDUM AND ORDER

Plaintiff, who is currently detained at the Douglas County Jail, brought a civil action against Defendant Andrew Saul, Commissioner of Social Security. Plaintiff is subject to the three-strikes provision under 28 U.S.C. § 1915(g) and may only proceed *in forma pauperis* if he establishes a threat of imminent danger of serious physical injury. The Court found that Plaintiff's Complaint did not present a claim of imminent danger at the time of filing and directed Plaintiff to file the $400 filing fee by February 14, 2020.[1] Plaintiff failed to do so, and the Court dismissed the case without prejudice pursuant to Fed. R. Civ. P. 41(b), on February 19, 2020.[2]

Plaintiff then filed a Motion to Alter or Amend Judgment.[3] After recounting the standard for a motion to reconsider, the Court denied Plaintiff's motion on February 28, 2020, finding that he had not met the standard.[4] Before the Court is Plaintiff's "In Support of Motion to Alter and

---

[1] Doc. 3.

[2] Docs. 11, 12.

[3] Doc. 13.

[4] Doc. 14.

Amend 59(e) and 60" (Doc. 15), which was filed after the Order was filed, but on the same day.[5] Out of an abundance of caution, the Court is construing this document as a Supplemental Motion to Alter or Amend Judgment.

In this document, he states that he filed his social security case on January 27, 2020, and that imminent danger was shown on January 19, 2020. Plaintiff attempts to support that contention by attaching an Order from Case No. 20-3020,[6] another case that Plaintiff has filed in the District of Kansas, in front of Judge Crow. In that case, Plaintiff was also denied *in forma pauperis* status due to his three-strikes status and failure to demonstrate imminent danger.[7] In denying Plaintiff's Motion for Reconsideration in Case No. 20-3020, Judge Crow noted that Plaintiff filed his case on January 15, and that his motion for reconsideration "suggest[ed] that a jail guard 'inadvertently' solicited another inmate to harm Plaintiff on January 19, 2020."[8] Judge Crow also noted that Plaintiff argued that "this 'future danger' should be sufficient to show that he was in imminent danger."[9] However, Judge Crow then determined that Plaintiff's argument was without merit and that he failed to demonstrate that he was entitled to relief from the Court's previous order.[10]

Plaintiff appears to argue that Judge Crow made a finding that Plaintiff was in imminent danger on January 19, and thus this case is not subject to the three-strikes provision because it was filed on January 27, 2020 (after Judge Crow concluded he was in imminent danger). Judge

---

[5]Plaintiff had already filed several exhibits and asserted an argument in his Motion to Alter Judgment filed on February 24, 2020. As noted above, it appears that this "In Support of Motion to Alter and Amend" is an additional attempt to alter the Court's previous judgment.

[6]*Jones v. Loomis*, Case No. 20-3020-SAC.

[7]*Id*., Docs. 4, 9, and 10.

[8]*Id*., Doc. 16 at 2.

[9]*Id.*

[10]*Id.*

Crow, however, did *not* make a finding that Plaintiff was in imminent danger on January 19. Instead, he simply noted Plaintiff's argument. In addition, Judge Crow noted that Plaintiff's argument was meritless.

As noted in the Court's last order denying Plaintiff's motion to alter the judgment, the Court will reconsider an earlier judgment if the movant presents evidence of (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) the need to correct a clear error in the earlier judgment.[11] Plaintiff's newest motion fails to raise any appropriate ground for reconsideration of the Court's prior order. Even taking the statement that "a jail guard inadvertently solicited another inmate to harm Plaintiff" as true, Plaintiff did not, and has not, shown that he is in imminent danger such that the three-strikes provision under 28 U.S.C. § 1915(g) is inapplicable in this case. Thus, he fails to provide any valid reason to amend the Court's previous judgment.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's "In Support of Motion to Alter or Amend Rule 59(e) or 60," construed as a Supplemental Motion to Alter or Amend Judgment, (Doc. 15) is **denied**.

**IT IS SO ORDERED.**

Dated: March 3, 2020

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE

---

[11] *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).