# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

    **Plaintiff,**

    v.

ANDREW SAUL, Commissioner of Social Security,

    **Defendant.**

Case No. 05:20-CV-4008-JAR

## MEMORANDUM AND ORDER

Plaintiff is before the Court for a third time seeking reconsideration of this Court's finding that he was not in imminent danger such that he should be allowed to proceed *in forma pauperis* (Doc. 17). Plaintiff, who is currently detained at the Douglas County Jail, brought a civil action against Defendant Andrew Saul, Commissioner of Social Security. He is subject to the three-strikes provision under 28 U.S.C. § 1915(g) and may only proceed *in forma pauperis* if he establishes a threat of imminent danger of serious physical injury. The Court found that Plaintiff's Complaint did not present a claim of imminent danger at the time of filing and directed Plaintiff to file the $400 filing fee by February 14, 2020.[1] Plaintiff failed to do so, and the Court dismissed the case without prejudice pursuant to Fed. R. Civ. P. 41(b), on February 19, 2020.[2]

Plaintiff then filed his first Motion to Alter or Amend Judgment.[3] After recounting the standard for a motion to reconsider, the Court denied Plaintiff's motion on February 28, 2020,

---

[1] Doc. 3.

[2] Docs. 11, 12.

[3] Doc. 13.

finding that he had not met the standard.[4] Plaintiff also filed another document entitled "In Support of Motion to Alter and Amend 59(e) and 60."[5] The Court, in an abundance of caution, construed the document as a Supplemental Motion to Alter or Amend Judgment. In that motion, Plaintiff argued that he was in imminent danger when he filed his social security case on January 27, 2020 because a jail guard inadvertently solicited another inmate to cause him harm on January 19, 2020. In addition, he argued that Judge Crow specifically made the finding that he was imminent danger in another case (Case No. 20-3020) before the Court.[6] The Court denied Plaintiff's motion, determining that Judge Crow did not make that finding, Plaintiff's filings did not demonstrate imminent danger, and Plaintiff could not meet the standard for reconsideration.[7]

Plaintiff is now before the Court asking it to reconsider its previous order denying his motion to reconsider. For the third time, he asserts that he was in imminent danger when he filed this social security case. Plaintiff specifically references two additional cases that he has filed in the District of Kansas (Case Nos. 20-3056 and 20-3068) subsequent to this case and asserts that the pleadings in those cases demonstrate his imminent danger. In those pleadings, he claims that a jail officer would not accept an outgoing letter and the officer then suggested to him that another inmate would take Plaintiff outside or to his cell.[8] These cases also include an "affidavit" from a fellow inmate that allegedly witnessed this exchange.[9]

---

[4]Doc. 14.

[5]Doc. 15.

[6]The Court notes that Plaintiff has filed at least six cases in the past two months in the District of Kansas: Case Nos. 20-3020, 20-4008, 20-3056, 20-3064, 20-3068, 20-3091. His most recent one was filed March 25 (Case No. 20-3091).

[7]Doc. 16.

[8]In Case No. 20-3068, Judge Crow denied Plaintiff's motion to proceed *in forma pauperis* because he concluded that Plaintiff did not show that he was imminent danger based on the same fact pattern that has been presented to this Court on Plaintiff's reconsideration motion.

[9]With the exception of this "affidavit," Plaintiff's allegations add nothing additional to his previous Motion for Reconsideration.

As noted in the Court's previous two orders denying Plaintiff's motions, the Court will reconsider an earlier judgment if the movant presents evidence of (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) the need to correct a clear error in the earlier judgment.[10]  Although Plaintiff's newest motion attempts to assert that there is newly discovered evidence supporting his imminent danger claim, Plaintiff's motion still fails to demonstrate any appropriate ground for reconsideration of the Court's prior order.  Even considering Plaintiff's statement regarding his exchange with the jail guard (and the fellow inmate witnessing the exchange), Plaintiff simply describes a comment made in January but no threat of imminent danger of serious injury.

Plaintiff did not, and has not, shown that he is in imminent danger such that the three-strikes provision under 28 U.S.C. § 1915(g) is inapplicable in this case.  Thus, he fails to provide any valid reason to reconsider or amend the Court's previous judgment.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 17) is **denied**.

**IT IS SO ORDERED.**

Dated: March 27, 2020

S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE

---

[10]*See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).